**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1482-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LEONARDO BUCCHERI,

    Defendant-Appellant.

_____

          Submitted February 7, 2017 — Decided  April 3, 2017

          Before Judges Fasciale and Gilson.

          On appeal from Superior Court of New Jersey,
          Law Division, Hudson County, Indictment No.
          09-12-2104.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Steven M. Gilson, Designated
          Counsel, on the brief).

          Esther Suarez, Hudson County Prosecutor,
          attorney for respondent (Lillian M. Kayed,
          Assistant Prosecutor, on the briefs).

          Appellant filed a pro se supplemental brief.

PER CURIAM

    Defendant Leonardo Buccheri appeals from a June 19, 2015

order denying his petition for post-conviction relief (PCR)

without an evidentiary hearing. We affirm substantially for the reasons explained by Judge Joseph V. Isabella in the written opinion issued on June 19, 2015.

## I.

In 2010, a jury convicted defendant of second-degree manslaughter, N.J.S.A. 2C:11-4(b)(2), as a lesser included offense on a charge of first-degree murder; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d). Thereafter, defendant pled guilty to second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).

On the manslaughter conviction, defendant was sentenced to ten years in prison with a period of parole ineligibility as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant was also sentenced to a consecutive five years in prison with five years of parole ineligibility on the certain persons not to have weapons conviction. Finally, on the conviction for possession of a defaced firearm, defendant was sentenced to a concurrent eighteen months in prison. Thus, defendant's aggregate sentence was fifteen years in prison with over thirteen years of parole ineligibility.

On direct appeal, we affirmed his convictions and sentence. State v. Buccheri, No. A-1086-11 (App. Div. March 8, 2013). The

Supreme Court subsequently denied certification. State v. Buccheri, 216 N.J. 7 (2013).

In November 2013, defendant filed a petition for PCR. He was assigned counsel and Judge Isabella, who had presided over defendant's trial, heard oral arguments on that petition. After considering all of the arguments presented, Judge Isabella entered an order on June 19, 2015, denying the PCR petition. Judge Isabella also issued a comprehensive written opinion.

Defendant's convictions arose out of the death of his fiancée, Soveira "Sophie" Rojas. We have previously summarized the relevant facts in our decision issued in 2013. In short, defendant and his fiancée had been attending a reunion barbecue for defendant's motorcycle club. Most of the people attending were eating and drinking. Towards the end of the barbecue, defendant and another man got into a heated verbal argument. Sophie intervened and had to tackle defendant to the ground to prevent him from hitting the other man. Some friends then drove the couple's children home while defendant and Sophie drove separately.

When defendant and Sophie arrived at their home, witnesses testified that they appeared to have been in a physical altercation. Defendant had scars and scratches on his face and head, which he had not had before getting into the car with Sophie.

Sophie's face was blotched and she was complaining of an injured thumb.

The friends then left. Later that evening, one of defendant's children heard a pop sound. Shortly thereafter, defendant called 911 to report that Sophie had been shot. Defendant claimed that the fiancée had shot herself. At trial, the State called the regional medical examiner, Dr. Lyla E. Perez, to testify as an expert witness. Dr. Perez determined that the cause of death was a gunshot wound to the upper right chest. Dr. Perez also opined that the manner of death was homicide. She formed that opinion after comparing autopsy photographs of the victim with the results of a firing test performed on the gun. That information led Dr. Perez to conclude that the muzzle of the gun had been three to six inches away from where the bullet entered Sophie when it was fired.

Defendant elected not to testify at trial. Before making that election, defendant was questioned by Judge Isabella who advised defendant of his right not to testify and of the instruction that would be given to the jury if he elected not to testify. Judge Isabella also informed defendant that he should only make that decision after he consulted with his attorney. Thereafter, defendant elected not to testify at trial and asked the court to give the jury instruction concerning his constitutional right to remain silent.

On this appeal, defendant argues:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS
>
> A. <u>Trial Counsel Induced Defendant Not To Testify</u>
>
> B. <u>Trial Counsel Failed To Alert The Court To Sleeping Jurors</u>

Defendant also filed a pro se supplemental brief. In that supplemental brief, defendant contends that trial counsel was also ineffective for failing to seek and consult with a medical expert who could have rebutted the testimony of Dr. Perez. Defendant also argues that his trial counsel was ineffective in failing to object to the opinion rendered by Dr. Perez based on an autopsy that was performed by another medical examiner.

We first review the well-established principles guiding our review of an order denying PCR. Defendant's petition arises from the application of <u>Rule</u> 3:22-2, which permits collateral attack of a conviction based upon a claim of ineffective assistance of counsel within five years of the conviction. <u>See</u> <u>R.</u> 3:22-12(a)(1); <u>see also</u> <u>Strickland v. Washington</u>, 466 <u>U.S.</u> 668, 687, 104 <u>S. Ct.</u> 2052, 2064, 80 <u>L. Ed.</u> 2d 674, 693 (1984); <u>State v. Fritz</u>, 105 <u>N.J.</u> 42, 58 (1987). To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part <u>Strickland</u> test:

(1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance [truly] prejudiced the defense." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693 (quoting U.S. Const. amend. VI); Fritz, supra, 105 N.J. at 58-59 (adopting the Strickland two-part test in New Jersey).

Rule 3:22-10(b) provides that a defendant is only entitled to an evidentiary hearing on a PCR petition if he establishes a prima facie case in support of PCR, "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and the court determines that "an evidentiary hearing is necessary to resolve the claims for relief." See also State v. Porter, 216 N.J. 343, 354 (2013). To establish a prima facie case, a defendant must demonstrate "the reasonable likelihood of succeeding under the test set forth in Strickland." State v. Preciose, 129 N.J. 451, 463 (1992). A defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). "He [or she] must allege [specific] facts sufficient to demonstrate counsel's alleged substandard performance." Ibid.

Applying these principles, we affirm substantially for the reasons expressed by Judge Isabella. We add some brief comments on each of the three alleged grounds of ineffective assistance of trial counsel.

First, defendant contends that trial counsel prevented him from testifying in his own defense. Initially, we note that that contention is inconsistent with the trial record. At trial, Judge Isabella informed defendant of his right to testify and his right to remain silent. Knowing he had the right to testify, defendant elected not to testify.

Just as critically, defendant cannot establish any prejudice from his election not to testify. At trial, defendant's defense was that his fiancée had committed suicide and shot herself. That position was very clearly presented to the jury through the cross-examination of the State's expert witness. The jury also heard defendant's own words in the 911 recording where he claimed that Sophie had shot herself. As Judge Isabella pointed out, had defendant elected to testify, he could have been cross-examined about his extensive criminal record. Given all of those facts, defendant has not shown any prejudice from his election not to testify.

Second, defendant contends that his trial counsel was ineffective in failing to alert the court during trial that two

jurors were allegedly sleeping. The only evidence in the record concerning jurors allegedly sleeping is the contentions made by defendant in his post-verdict PCR petition. In his PCR certification, defendant contends that during the testimony of Dr. Perez, he saw two jurors in the back row leaning on each other as if they were asleep.

Judge Isabella found no prejudice from that contention because he noted that during the deliberation, the jurors requested to have Dr. Perez's testimony replayed. Thus, even if there was some period of time where certain jurors were not paying attention during the initial testimony, those jurors heard the testimony again during deliberation. We agree with Judge Isabella that under these facts, there is no showing of any potential for prejudice. Judge Isabella, who presided over the trial, did not note any sleeping jurors. Further Judge Isabella, as the PCR judge, noted that Dr. Perez's testimony was some of the strongest evidence against defendant. Finally, Judge Isabella noted that Dr. Perez's testimony had been replayed during deliberation. Given that procedural history, defendant has failed to establish a prima facie case of ineffective assistance of counsel as it relates to the alleged sleeping jurors.

Finally, defendant argues that his counsel was ineffective in failing to retain and consult with an expert to rebut Dr. Perez.

The flaw that Judge Isabella found with this argument was that defendant provided no evidence that a defense expert could have disputed the State's medical expert. In other words, defendant presented nothing to the PCR court to show that had trial counsel consulted with a medical expert, that medical expert could have disputed the testimony of the State's expert.

Without presenting evidence that an expert could have been consulted and retained, defendant is essentially asking the court to speculate. Such speculation cannot form the basis for a prima facie case of ineffective assistance of counsel. See R. 3:22-10(e)(2) (providing that a court shall not grant an evidentiary hearing if defendant's "allegations are too vague, conclusory or speculative"); see also Fritz, supra, 105 N.J. at 64 (explaining that "purely speculative deficiencies in representation are insufficient to justify reversal").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION